Matthew J. Conroy
Evan S. Schwartz
Schwartz, Conroy & Hack, PC
666 Old Country Road - Ninth Floor
Garden City, New York   11530
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| THE TRUMP CORPORATION, | : | Case No.: |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| - against - | : | |
| | : | **JURY TRIAL DEMANDED** |
| ASSOCIATED INDUSTRIES INSURANCE COMPANY INC. | : | |
| Defendants. | : | |

---

Plaintiff, The TRUMP CORPORATION, by and through its attorneys, Schwartz, Conroy & Hack, PC, as and for its Complaint against Defendant ASSOCIATED INDUSTRIES INSURANCE COMPANY INC, hereby sets forth the following:

### NATURE OF THIS ACTION

1. This insurance coverage action relates to an employment practices liability policy, Policy No.: ANV154766A, issued by ANV Global Services, Inc. on behalf of Associated Industries Insurance Company Inc., to 220 Riverside Boulevard at Trump Place Condominium for the policy period from March 9, 2021 to March 9, 2022 (the "**Policy**"). Plaintiff seeks damages for breach of insurance contract and a judicial declaration that it is entitled to both defense and indemnification under the Policy in connection with an employment practices action brought against it by Daniel Gonzalez in New York State Court.

## THE PARTIES

2.Plaintiff, The Trump Corporation (hereinafter "**Plaintiff**"), is a New York Corporation, organized and existing under the laws of the State of New York with its primary corporate headquarters located at 725 Fifth Avenue, New York, New York.

3.Defendant, Associated Industries Insurance Company, Inc. (hereinafter, "**Associated**" or "**Defendant**"), is an insurance company organized and existing under the laws of the State of Florida, with its principal place of business in Boca Raton, Florida and is licensed to operate and sell insurance products in the State of New York.

## JURISDICTION AND VENUE

4.This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5.An actual justiciable controversy exists between the Trump Corporation and Associated within the meaning of 28 U.S.C. § 2201 regarding whether Defendant has a duty to defend or indemnify The Trump Corporation under the Policy with respect to the claims asserted in the underlying action, as more particularly described below.

6.The Parties are of diverse citizenship, and jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332.

7.The amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, the Policy has an aggregate liability limit of $1,000,000 and damages sought in the Gonzalez Arbitration exceed $500,000 and, thus, could easily exceed $75,000, if successful.

8.As of the filing of this Complaint there is at least $84,881.50 of unpaid defense costs.

9.Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

**FACTS**

10. The Board of Managers of 220 Riverside Boulevard at Trump Place Condominium (the "**Condo Board**") is the condominium board for the property located at 220 Riverside Boulevard, New York, New York (the "**Condominium**").

**The Management Agreement**

11. On October 25, 2002, the Board entered into a Management Agreement (the "**Agreement**") with the Plaintiff wherein the Plaintiff was designated as the managing agent of the Condominium.

12. Section 7(a) of the Agreement (the "**Indemnification Clause**") states that "the Board hereby indemnifies and saves [Plaintiff], its members, partners, shareholders, directors, officers, agents and employees harmless from any damages, penalties, fines, losses, costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) … for all acts performed by [Plaintiff] pursuant to this Agreement."

13. Section 11 of the Agreement states that the Board "has by this Agreement engaged [Plaintiff] as an independent contractor to perform the services to be performed by [Plaintiff] hereunder …"

**The Policy**

14. On or about March 29, 2021, Defendant issued an employment practices liability insurance policy (defined above as the Policy) to the Board (**Exhibit A** hereto).

15. The Policy was issued through ANV Global Services Inc. (hereinafter "**ANV**"). ANV operates as an insurance broker and offers underwriting, risk management, adjusting and settling claims and other insurance services. At all times relevant to this action ANV was acting on behalf and at the behest of Defendant.

16. The Policy promises to defend and indemnify the Board and its "Employees" against claims brought for, *inter alia,* employment practices and third-party discrimination claims.

17. At all pertinent times, the Board was the named insured under the Policy.

18. The Policy also promises to both indemnify and defend the Board's "Employees", including "independent contractors", against employment practices claims.

19. The Policy's definition of "Employee" states that an "independent contractor for the [Board] shall also be an Employee, but only if the [Board] indemnifies the person in the same manner as is provided to the [Board's] employees."   Exhibit A § II(J)).

20. As noted above, Section 11 of the Agreement expressly states that Plaintiff is "an independent contractor" of the Board.  As a result, Plaintiff was and is an additional insured under the Policy.

**The Claim**

21. Daniel Gonzalez ("**Gonzalez**") worked as the Resident Manager for the Condominium from September 13, 2002 to April 11, 2022, when his employment was terminated by the Board.

22. On or about March 7, 2022, Plaintiff provided Defendants with timely notice of claim by Gonzalez pursuant to the terms and conditions of the Policy.

23. Defendant recognized its obligation to defend and indemnify Plaintiff under the terms of the Policy and hired the Lewis Brisbois firm to present a joint defense of both the Board and Plaintiff without a reservation of rights.

24. In reliance on Defendant's representations, Plaintiff allowed Lewis Brisbois to represent its interests in the *Gonzlez* matter.

25. On May 23, 2023, Gonzalez filed a Complaint in Supreme Court, New York County asserting various causes of action against the Board and Plaintiff for: 1) unpaid overtime; 2) age discrimination; and 3) breach of contract.

26. Defendant recognized its obligation to defend and indemnity Plaintiff, without a reservation of its rights, and continued to defend Plaintiff.

27. On September 21, 2023, the parties to the *Gonzalez* lawsuit stipulated its discontinuance.

28. On September 27, 2023, Gonzalez initiated an arbitration against the Board and Plaintiff asserting causes of action similar to those alleged in his prior, State Court Complaint.

29. Defendant recognized its obligation to defend and indemnify Plaintiff, without a reservation of rights, and continued to defend Plaintiff.

30. In mid-2024, upon learning that Lewis Brisbois had not been paid $66,309 in defense costs, Plaintiff sent a July 12, 2024 e-mail to Defendant's agent, ANV, inquiring why this invoice had not been satisfied by Defendant.

31. Nearly two weeks later, ANV informed Plaintiff *via* a July 24, 2024 email that it had withdrawn its defense of Plaintiff and was denying defense and indemnity coverage.

32. The basis of Defendant's withdrawal was that Plaintiff was not an "additional insured" under the Policy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

33. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff was an "additional insured" and covered under the terms of the Policy.

35. Plaintiff provided timely notice of claim.

36. Plaintiff cooperated with Defendant in its defense of the *Gonzalez* claim and complied with all proof of loss and other provisions of the Policy.

37. At the time Plaintiff provided notice of claim, the Policy was in effect.

38. At the time Plaintiff provided notice of claim, it was a party insured under the Policy.

39. Plaintiff detrimentally relied on Defendant's representations that it would pay for the cost of defense and indemnification to the limits of the Policy.

40. Plaintiff acceded to Defendant's choice of defense counsel.

41. More than two years after providing notice of claim and defending Plaintiff without a

5

reservation of rights, Defendant arbitrarily and in breach of the terms of the Policy withdrew its defense of the *Gonzalez* claim.

42. The failure of Defendant to defend and indemnify Plaintiff in the *Gonzalez* matter was and is a willful and wrongful breach of the terms and conditions of the Policy.

43. Due to Defendant's breach of the insurance contract, Plaintiff has suffered economic damages due to past, unpaid legal fees, future legal costs and exposure to potential liability in the *Gonzalez* case.

44. Due to the foregoing, Plaintiff seeks monetary damages in an amount to be determined by the trial of fact, but not less than the sum of $84,881.50, together with interest and costs.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment Finding that Defendants Are Obligated to Defend and Indemnify Plaintiff in the *Gonzalez* Matter)**

45. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 44 as if fully set forth herein.

46. Due to Defendant's breach of the insurance contract, Plaintiff has been left to pay defense costs and is exposed to potential liability due to Gonzalez's claims.

47. Accordingly, Plaintiff is entitled to a declaratory judgment, pursuant to 28 USC § 2201, that Defendant has a duty under the Policy to defend and indemnify Plaintiff against the claims made by Gonzalez.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. On the First Cause of Action for breach of contract, damages in an amount to be determined by the trier of fact after trial, but not less than the sum of $84,881.50, together with interest from the date

of the breach;

  B. On the Second Cause of Action, for a declaratory judgment declaring that Defendant must defend and indemnify Plaintiff to the full extent provided for under the Policy; and

  C. On all Causes of Action, awarding Plaintiff its costs and attorneys' fees

  D. Granting such other and further relief as this Court deems just, fitting, and proper.

Dated: Garden City, New York
    November 15, 2024

                **SCHWARTZ, CONROY & HACK, PC**

         By: *Matthew J. Conroy*
            Matthew J. Conroy (4054474)
            Evan S. Schwartz (2428852)
            Attorneys for Plaintiff
            666 Old Country Road - Ninth Floor
            Garden City, New York 11530
            (516) 745-1122